UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DENISE NAIL, WES NAIL, | § | |
| CHRIS ANTRIM, individually and as | § | |
| Representatives of the heirs and estate of | § | |
| Norman Jerome Antrim | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| PARK VIEW CARE CENTER, L.P. | § | |
| d/b/a PARK VIEW CARE CENTER; | § | |
| PARK VIEW CARE CENTER GP, LLC; | § | |
| and PARK VIEW CARE CENTER | § | |
| HOLDING, LLC | § | |
|     Defendants. | § | |

## NOTICE OF REMOVAL

Defendants Park View Care Center, L.P. d/b/a Park View Care Center, Parkview Care Center, GP, LLC, and Park View Care Center Holding, LLC, (hereinafter "Defendants") file this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, respectfully stating as follows:

### STATEMENT OF THE CASE

1.  On July 27, 2010, Plaintiffs Denise Nail, Wes Nail, and Chris Antrim (hereinafter "Plaintiffs") filed their Original Petition in the 141st District Court in and for Tarrant County, Texas, styled *Denise Nail, Wes Nail, Chris Antrim, Individually and as representatives of the heirs and estate of Norman Jerome Antrim v. Park View Care Center, L.P. doing business as Park View Care Center; Park View Care Center GP, LLC; Park View Care Center Holding, LLC*, Cause No. 141-246932-10. Plaintiffs, as heirs of Defendants' former (now deceased) employee, Norman Jerome Antrim (hereinafter "Antrim"), assert a single claim for common law negligence against

Defendants. Specifically, Plaintiffs allege that Defendants negligently failed to satisfy certain requirements of a supplemental life insurance policy offered by Defendants and subscribed to by Antrim, and Plaintiffs were denied full benefits under the policy upon Antrim's death as a result. However, because Plaintiffs assert a claim to recover benefits and/or for improper handling of a claim under a plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, their claim must be recharacterized as an ERISA claim. Defendants filed their Verified Denial and Original Answer to Plaintiff's Original Petition on August 20, 2010, generally denying the claims and allegations as set forth in Plaintiff's Original Petition.

### GROUNDS FOR REMOVAL

2. As an initial matter, the plan at issue is covered by ERISA. "An employer is covered by ERISA when it establishes or maintains an employee welfare plan, such as by collecting premiums, submitting claims, or assuming responsibility for the plan or its benefits." *Ryer v. Ingenix, Inc.*, 2008 WL 47768 at *1 (N.D. Tex. Jan. 2, 2008); *see also Hansen v. Continental Ins. Co.*, 940 F.2d 971, 977-78 (5th Cir. 1991). Here, Plaintiffs allege that Antrim worked for Parkview, that he purchased an optional life insurance policy made available to Parkview employees, that Parkview collected premiums for the policy through payroll deductions, and that Parkview is responsible for the claimed amount of proceeds because it did not remit the premiums to the insurance company. Plaintiffs' Original Petition ("Petition"), ¶¶ 9-13.[1] In short, the very essence of Plaintiffs' claim is that Parkview mishandled aspects of an employee welfare plan – the insurance policy – and is therefore responsible for benefits under the Plan.

---

[1] At the appropriate state of the case, Defendants will provide evidence that all premiums were submitted to Standard Life Insurance Company, and that Standard Life, not Defendants, made the underwriting decisions and claim decision that Plaintiffs now challenge.

3. ERISA contains a broad preemption provision, and its provisions "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The Supreme Court holds that the term "relate to" in the ERISA preemption provision should be interpreted in its broadest sense. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 98 (1983). Common law tort actions that "relate to" an employee welfare plan are preempted by ERISA. *Metropolitan Life Ins. v. Taylor*, 481 U.S. 58, 62 (1987); *Degan v. Ford Motor Co.*, 869 F.2d 889, 893 (5th Cir. 1989). Violations of ERISA that are pleaded as state law claims in the petition are recharacterized as federal, and are removable to federal court. *Metropolitan Life Ins.*, 481 U.S. at 64-67.

4. A state law claim "relates to" an ERISA plan if it has a "connection with or reference to such a plan." *Shaw*, 463 U.S. at 97; *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1294 (5th Cir. 1989). The fact that a claim seeks damages measured by benefits available under the ERISA plan suffices as the requisite "connection" to an ERISA plan for preemption purposes. *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1218 (5th Cir. 1992); *Cefalu*, 871 F.2d at 1294. In addition to calculating damages, if adjudicating a plaintiff's claim requires the court to examine the operation of the plan, the language of the plan, and the employer's communication to its employees about the terms of the plan, then these connections are adequate to warrant preemption. *Christopher*, 950 F.2d at 1218.

5. Plaintiffs allege that Antrim purchased an optional life insurance policy from Defendants, and paid premiums for the policy by having Defendants deduct the premiums from his paycheck. Petition, ¶¶ 9-10. Plaintiffs further allege that Defendants

did not pay the premiums and/or did not get the appropriate underwriting documentation from Antrim for the policy. Petition, ¶¶ 10-12. Plaintiffs assert a single common law negligence claim on the ground that Defendants' conduct allegedly caused Plaintiffs to receive less in life insurance proceeds than Antrim believed he had purchased. Petition, ¶¶ 14-15. Plaintiffs allege that they are entitled to the difference between the amount of life insurance proceeds Antrim believed he had purchased and the amount they actually received. Petition, ¶ 13. Because Plaintiffs seek damages that are measured by benefits available under the plan, and because adjudicating Plaintiffs' claim will require the court to examine the operation of the plan, the language of the plan, and Defendants' communication to Antrim about the terms of the plan, Plaintiffs' single negligence claim is preempted by ERISA. *See e.g., Lee v. DuPont de Nemours and Co.*, 894 F.2d 755, 757 (5th Cir. 1990) (holding that plaintiffs' claim to recover benefits defined by their former employer's ERISA plan to which they would have become entitled but for a misrepresentation by their employer, which they relied on to their detriment, was preempted by ERISA).

6.      Because Plaintiffs' claim is preempted by ERISA, this court has original jurisdiction of this action by virtue of 28 U.S.C. § 1331. This action may be removed to this court pursuant to 28 U.S.C. § 1441(a) because it involves claims arising under the laws of the United States. Therefore, each and every claim of this action is within the original jurisdiction of the United States District Court for complete adjudication of all issues and claims pursuant to 28 U.S.C. §§ 1331, 1441.

### VENUE

7.  Venue is proper in the Fort Worth Division of the Northern District of Texas because this is the district and division in which the state court action is pending. 28 U.S.C. § 1441(a).

### TIMELINESS OF REMOVAL

8.  Defendants Park View Care Center, L.P. d/b/a Park View Care Center, Parkview Care Center, GP, LLC, and Park View Care Center Holding, LLC, were each served with Plaintiff's Original Petition on August 2, 2010. *See* Exhibits D-F. These are the only defendants in this case. This notice of removal is being filed within 30 days of the date Defendants were served with notice of Plaintiffs' lawsuit. Accordingly, this notice of removal is timely under 28 U.S.C. § 1446(b).

### ATTACHMENT OF STATE COURT PLEADINGS

9.  Defendants have attached to this Notice as Exhibits B - G a complete copy of each document filed in the state court action and a copy of the docket sheet in the state court action.

### NOTICE OF REMOVAL TO STATE COURT

10. A Notice of Removal to Federal Court is being filed in the 141st District Court of Tarrant County, Texas, on the date of this filing with the U.S. District Court for the Northern District of Texas, Fort Worth Division. A copy of the Notice provided to the state court is attached to this Notice as Exhibit H.

### JURY DEMAND

11. Plaintiff has demanded a jury in the underlying state court action.

## CONCLUSION

12. Based upon the federal question raised by Plaintiff, the court has original jurisdiction of this civil action under 28 U.S.C. § 1331. This action may be removed to this court pursuant to the provisions of 28 U.S.C. § 1441, because it is a civil action arising under the laws of the United States.

WHEREFORE, pursuant to the statutes and in conformance with the requirements set out in 28 U.S.C. § 1446, Defendants remove this action from the 141st District Court of Tarrant County, Texas to this court on the 1st day of September, 2010.

Respectfully submitted,

_____
Bruce A. Griggs
State Bar #08487700
Courtney M. Smith
State Bar #24059340
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
301 Congress Avenue, Suite 1150
Austin, TX 78701
512.344.4700 (phone)
512.344.4701 (fax)

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Notice of Removal was delivered via U.S. First Class mail, postage prepaid, on the 1st day of September, 2010, to the following:

    Jamshyd (Jim) M. Zadeh
    115 W 2nd Street, Suite 201
    Fort Worth TX 76102
    817.335.5100
    817.355.3974 fax

                                                Bruce A. Griggs

9057175.1 (OGLETREE)