CAUSE NO. 141 246932 10

| | | |
|---|---|---|
| DENISE NAIL, WES NAIL, CHRIS ANTRIM, Individually and as representatives of the heirs and estate of Norman Jerome Antrim | § § § | IN THE DISTRICT COURT |
| VS. | § § | TARRANT COUNTY, TEXAS |
| PARK VIEW CARE CENTER, L.P. doing business as PARK VIEW CARE CENTER; PARK VIEW CARE CENTER GP, LLC; PARK VIEW CARE CENTER HOLDING, LLC | § § § § | _______ JUDICIAL DISTRICT |

FILED TARRANT COUNTY 2010 JUL 27 PM 2: 33 THOMAS A. WILDER DISTRICT CLERK

**PLAINTIFFS' ORIGINAL PETITION**
**AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW, DENISE NAIL, WES NAIL AND CHRIS ANTRIM, individually and as representatives of the heirs and estate of Norman Jean Antrim, Plaintiffs herein, complaining of Park View Care Center, L.P. doing business as Park View Care Center, Park View Care Center GP, LLC, and Park View Care Center Holding, LLC, Defendants, and for cause of action respectfully show the Court and jury the following:

**A.**
**DISCOVERY CONTROL PLAN**

1. Discovery is intended to be conducted under a Level 3 discovery plan pursuant to the Texas Rules of Civil Procedure.

**B.**
**PARTIES**

2. Plaintiffs, Denise Nail, Wes Nail and Chris Antrim, individually and as representatives of the heirs and estate of Norman Jean Antrim all reside in Tarrant County, Texas.

EXHIBIT C

3. Defendant Park View Care Center, L.P. doing business as Park View Care Center is a Texas Limited Partnership which may be served by and through its registered agent for service, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

4. Defendant Park View Care Center GP, LLC is a Texas Limited Liability Company which may be served by and through its registered agent for service, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

5. Defendant Park View Care Center Holding, LLC is a foreign corporation doing business in the State of Texas which may be served by and through its registered agent for service, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

**C.**
**JURISDICTION**

6. The court has jurisdiction over this lawsuit because the amount in controversy exceeds this court's minimum jurisdictional requirements.

**D.**
**VENUE**

7. Venue for this suit is proper in Tarrant County under the Tex.. Civ. Prac. & Rem. Code section 15.002 because all or a substantial part of the events or omissions occurred in Tarrant County.

## E.
## FACTS

8.    Norman Antrim, the husband of Denise Nail and the father of Chris Antrim and Wes Antrim, died on August 2, 2008.

9.    Prior to his death, Norman Antrim had purchased an optional life insurance policy thorough his employer, Defendant Park View Care Center, L.P doing business as Park View Care Center. Defendant Park View Care Center GP, LLC is the general partner of Park View Care Center, L.P and Defendant Park View Care Center Holding, LLC is the sole member of Park View Care Center, L.P. (collectively referred to as "Park View Care Center") The policy was in the amount of $150,000. Chris Antrim and Wes Antrim were each listed as 25% beneficiaries and thus, are each entitled to $37,500. Denise Nail is listed as 50% beneficiary and is entitled to $50,000.

10.    Norman Antrim paid premiums to Park View Care Center for the $150,000 supplemental life insurance. Park View Care Center consistently removed the premiums from his check and was responsible for paying those premiums to the insurance company. Park View Care Center did not pay the premiums to the insurance company or took the premiums when no insurance policy was in place without informing Mr. Antrim that no insurance policy was in place.

11.    Plaintiffs timely and properly made complaints to Defendants. Defendants responded by saying the insurance company only showed $20,000 of the $150,000 was purchased and not the $150,000. Defendants indicated that the insurance company claimed it did not get the appropriate underwriting documents from Mr. Antrim. Defendants enclosed a check in the amount of $1,106.95 representing the overage in life insurance premiums paid.

12.    Defendants never informed Mr. Antrim that the insurance company needed additional

documentation, that he was not insured for the full $150,000 and that he needed to deposit less premiums. Instead, Defendants continued to pay the full premiums for the $150,000 and only after his death did Defendants try to rectify their negligence by returning an alleged overage in premiums.

13. Plaintiffs have received the $20,000 life insurance proceeds but not the remaining $130,000. But for Defendants' actions, Plaintiff Denise Nail would have received an additional $65,000, Plaintiff Wes Antrim an additional $32,500 and Plaintiff Chris Antrim an additional $32,500.

**F.**
**COUNT 1 – NEGLIGENCE**

14. On the occasion in question, Defendants, their agents, servants and/or employees, were guilty of certain acts, wrongs, and/or omissions, each and all amounting to negligence. Said acts, wrongs, and/or omissions include, without limitation, the following:

a. taking premiums from Norman Antrim but failing to purchase the insurance;

b. failing inform Norman Antrim that the full $150,000 supplemental life insurance policy had not been purchased;

c. failing to purchase the full $150,000 supplemental life insurance policy;

d. failing to inform Norman Antrim that additional underwriting documents were needed; and

e. failing to use due care and caution under the circumstances when Defendants knew or should have known of the loss of insurance proceeds if they failed to use the proper due care.

15. All of the above acts, wrongs, and/or omissions, as well as various other acts, wrongs, and/or omissions on the part of the Defendants, their agents, servants and/or employees, amounted to negligence and were the proximate cause of Plaintiff's injuries and damages which are described

above and are in excess of the minimum jurisdictional limits of the Court.

## G. RESPONDEAT SUPERIOR

16. At all times material to this cause of action, Defendants' vice principals, employees, agents, servants, and representatives were acting within the course and scope of their employment for Defendants, and therefore, Defendants are liable under the doctrine of *respondeat superior.*

## H. PREJUDGMENT INTEREST

17. Plaintiff asserts a claim for prejudgment and post-judgment interest on all applicable elements of damages.

## I. CONDITIONS PRECEDENT

18. All conditions precedent to recovery have been performed or met regarding this claim, including requisite notice of claim.

## J. INCORPORATION OF ALLEGATIONS

19. All allegations made herein are incorporated into every other titled allegation.

## K. REQUEST FOR DISCLOSURE

20. Under TEX. R. CIV. P. 194, Plaintiff requests that Defendants disclose, within 50 days of service of this request, the information or material described in Rule 194.2.

## L.
## PLAINTIFF'S REQUEST FOR JURY TRIAL

21. Plaintiff hereby requests a jury trial in this civil action and tenders the appropriate fee to the clerk of the court in this case. The Plaintiff is entitled to a trial by jury in the above cause pursuant to the TEX. CONST. art. I, § 15, TEX. R. CIV. P. 216 and U.S. CONST. amend. VII. The Plaintiff is entitled to, and hereby requests, a jury of twelve jurors, as well as a valid number of alternate jurors.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein as required by law; that upon final hearing hereon Plaintiff have judgment of and from Defendants, jointly and severally, in the amount of damages proved; for all costs of Court, for pre-judgment interest at the highest rate according to law; for post-judgment interest at the highest rate according to law; and for such other and further relief, special or general, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

LAW OFFICE OF JIM ZADEH, P.C.

JAMSHYD (JIM) M. ZADEH
State Bar No. 22239000
115 W. 2nd Street, Suite 201
Fort Worth, TX 76102
Phone: (817) 335-5100
Fax: (817) 335-3974

ATTORNEY FOR PLAINTIFF