

ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2011 APR 19 AM 10: 05

CLERK OF COURT

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| DENISE NAIL, WES NAIL, CHRIS ANTRIM, individually and as Representatives of the heirs and estate of Norman Jerome Antrim<br><br>        Plaintiffs,<br><br>v.<br><br>PARK VIEW CARE CENTER, L.P. d/b/a PARK VIEW CARE CENTER; PARK VIEW CARE CENTER GP, LLC; PARK VIEW CARE CENTER HOLDING, LLC; and RELIANCE STANDARD LIFE INSURANCE COMPANY<br>        Defendants. | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:10-cv-00644-A |

## PARKVIEW DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Bruce A. Griggs
State Bar #08487700
Courtney M. Smith
State Bar #24059340
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
301 Congress Avenue, Suite 1150
Austin, Texas 78701
512.344.4700 (phone)
512.344.4701 (fax)

Attorneys for Defendants

---

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................... ii

I.      SUMMARY .................................................................................................... 1

II.     BACKGROUND FACTS ................................................................................. 3

III.    ARGUMENT AND AUTHORITIES ............................................................... 3

        A.      ERISA Preempts Any State Law Claims that Fall Within the Scope of
                ERISA's Civil Enforcement Provision. ................................................ 3

        B.      ERISA Preempts Any State Law Claims that "Relate to" an ERISA Plan. ............ 4

        C.      Plaintiffs' Sole Claim for Negligence is Preempted by ERISA. ............................ 6

IV.     CONCLUSION ............................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Aetna Health Inc. v. Davila,*
    542 U.S. 200 (2004)..................................................................................................... 4, 7, 8

*Arana v. Ochsner Health Plan,*
    338 F.3d 433 (5th Cir 2003). ........................................................................................ 4

*Blake v. Metro. Life Ins. Co.,*
    No. 4:09-cv-373, 2010 U.S. Dist. LEXIS 66204 (E.D. Tex. July 2, 2010) ........................ 9

*Cardona v. Life Ins. Co. of N. Am.,*
    No. 3:09-CV-0833-D, 2009 U.S. Dist. LEXIS 93715 (N.D. Tex. Oct. 7, 2009)............... 4, 8

*Cefalu v. B. F. Goodrich Co.,*
    871 F.2d. 1290 (5th Cir. 1989) ................................................................................. 5, 6, 11

*Christopher v. Mobil Oil Corp.,*
    950 F.2d 1209 (5th Cir. 1992) .................................................................................... 4, 8, 9

*Degan v. Ford Motor Co.,*
    869 F.2d 889 (5th Cir. 1989) ....................................................................................... 6

*First Nat'l Ltd.. v. Reliance Standard Life Ins.,*
    4:10-CV-190-Y, 2010 U.S. Dist. 108971 (N.D. Tex. Oct. 12, 2010)............................... 7, 8

*Hanson v. Continental Ins. Co.,*
    940 F.2d 971 (5th Cir. 1991) ....................................................................................... 6

*Hutchinson v. Reliastar Life Ins. Co.,*
    3:06-CV-1122-B ECF, 2007 WL 2687810 (N.D. Tex. Sept. 12, 2007)............................... 5

*Lee v. E.I. DuPont de Nemours & Co.,*
    894 F.2d 755 (5th Cir. 1990) .................................................................................. 5, 6, 9, 10

*Lee v. Tyco Elec. Power Sys, Inc.,*
    No. 3:04-CV-2260-D, 2006 WL 1722569 (N.D. Tex. Jun. 20, 2006)............................... 4, 9

*McSperitt v. Hartford Life Ins. Co.,*
    393 F. Supp. 2d 418 (N.D. Tex. 2005) ........................................................................ 9

*Pilot Life Ins. Co. v. Dedeaux,*
    481 U.S. 41 (1987)........................................................................................................ 4, 5

---

**Statutes**

29 U.S.C. § 1001 et seq...................................................................................................... 2

29 U.S.C. § 1132(a)(1)(B) .............................................................................................. 3, 4

29 U.S.C. § 1144(a) .............................................................................................................. 4

29 U.S.C. 1002(1) ............................................................................................................. 6, 7

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| DENISE NAIL, WES NAIL, | § | |
| CHRIS ANTRIM, individually and as | § | |
| Representatives of the heirs and estate of | § | |
| Norman Jerome Antrim | § | |
|      Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:10-cv-00644-A |
| | § | |
| PARK VIEW CARE CENTER, L.P. | § | |
| d/b/a PARK VIEW CARE CENTER; | § | |
| PARK VIEW CARE CENTER GP, LLC; | § | |
| PARK VIEW CARE CENTER | § | |
| HOLDING, LLC; and RELIANCE | § | |
| STANDARD LIFE INSURANCE | § | |
| COMPANY | § | |
|      Defendants. | § | |

## PARKVIEW DEFENDANTS' BRIEF IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Defendants Park View Care Center, L.P.

d/b/a Park View Care Center, Parkview Care Center, GP, LLC, and Park View Care Center

Holding, LLC (collectively, "Defendants") respectfully move for summary judgment on

Plaintiffs Denise Nail, Wes Nail, and Chris Antrim's (hereinafter "Plaintiffs") single claim for

negligence asserted against them.

### I.
### SUMMARY

Plaintiffs filed this lawsuit in state court on July 27, 2010, alleging a single claim for

negligence against Defendants.[1]   Plaintiffs are heirs of Defendants' former (now deceased)

---

[1] On January 19, 2011, Plaintiffs' filed a First Amended Complaint adding Reliance Standard Life Insurance Company as a defendant.  However, Plaintiffs' claim against the Parkview Defendants remains the same—a single claim for negligence.  Reliance Standard has not appeared.

---

employee, Norman Jerome Antrim ("Antrim").   Plaintiffs allege that Antrim purchased a supplemental life insurance policy from Defendants during his period of employment at Park View Care Center ("Park View" or "the Center") in Fort Worth.   Plaintiffs specifically allege that Antrim purchased supplemental life insurance in the amount of $150,000, that upon his death they were each entitled to a share of the proceeds, and that they received only $20,000 in proceeds, instead of the $150,000 Antrim purchased.   First Amended Complaint ("FAC"), ¶¶ 9, 13.   Plaintiffs further allege they did not receive the additional $130,000 in proceeds because the insurance company—Reliance Standard—contends it did not receive the appropriate underwriting documents from Antrim. FAC, ¶ 11.

Plaintiffs assert that Defendants were negligent by, among other things, taking premiums from Antrim for the supplemental life insurance but failing to purchase the insurance, and in failing to inform Antrim that the insurance had not been purchased or that additional underwriting documents were needed.  FAC, ¶ 14.  Plaintiffs seek to recover the additional $130,000 in proceeds which they believe they would have received but for Defendants' alleged negligence. FAC, ¶¶ 13, 15.

The Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., contains a broad preemption provision and preempts any state law claim that "duplicates, supplants, or supplements an ERISA remedy" or that "relates to" an ERISA plan.  Because the life insurance policy at issue is an ERISA plan, and Plaintiffs' sole claim for negligence duplicates an ERISA remedy and/or "relates to" that ERISA plan, Plaintiffs' claim is preempted by ERISA and fails as a matter of law.

## II.
## BACKGROUND FACTS

Antrim is a former Park View employee.  Park View offered a life insurance policy to its employees, including Antrim.  App. 2.[2]  The policy was underwritten by third party Reliance Standard Insurance Company.  App. 2.  During his employment, Antrim filled out a Group Enrollment Form electing life insurance coverage under the policy.  App. 2, 84-85.  Following Antrim's death on August 2, 2008, Plaintiffs submitted claims for life insurance proceeds under the policy in the amount of $111,000 in basic life insurance, and $150,000 in supplemental life insurance.  App. 2, 86-89.  Plaintiffs were paid $111,000 in basic life insurance proceeds, but only $20,000 in supplemental life insurance proceeds.  App. 90.  Reliance Standard denied Plaintiffs' claim for the remaining $130,000 in supplemental life insurance proceeds on the ground that Antrim failed to submit proof of good health, which it stated was a requirement for obtaining the additional supplemental coverage Antrim had elected under the policy.  App. 92.

Plaintiffs filed the present action seeking, among other things, to recover the additional $130,000 in supplemental life insurance proceeds which they contend Antrim elected under the policy.

## III.
## ARGUMENT AND AUTHORITIES

### A.    ERISA Preempts Any State Law Claims that Fall Within the Scope of ERISA's Civil Enforcement Provision.

Under Section 502(a) of ERISA, a plan participant or beneficiary may bring suit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

---

2    In accordance with Local Rule 7.1(i), the evidence Defendants rely on in support of this motion is contained in an Appendix filed concurrently with this motion.  The citation "App. __" refers to page numbers of the Appendix.

29 U.S.C. § 1132(a)(1)(B). Where a state law merely "duplicates, supplements, or supplants the ERISA civil enforcement remedy," the state law claim is completely preempted and will be recharacterized as a federal claim under § 502(a). *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004). It follows that if an individual brings suit complaining of denial of benefits, where the individual is entitled to such benefits only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state of federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" ERISA § 502(a)(1)(B). *Id.* at 210. "In other words, if an individual, at some point in time, could have brought his claim under ERISA §502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely preempted by ERISA." *Id.*[3]

### B.    ERISA Preempts Any State Law Claims that "Relate to" an ERISA Plan.

Section 514(a) of ERISA states that, subject to certain specified exceptions (that are not applicable in this case), the statute "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). Thus, if a state law "relates to" an employee benefit plan, it is preempted. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45 (1987); *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1217 (5th Cir. 1992); *Lee v. Tyco Elec. Power Sys., Inc.*, No. 3:04-CV-2260-D, 2006 WL 1722569, at *4 (N.D. Tex. Jun. 20, 2006).[4] The preemption clause is intended to be expansive in scope, and the phrase "relate to" should be given its broad common sense meaning, such that a state law "'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a

---

[3]   Preemption under Section 502(a) is commonly referred to as "complete preemption."

[4]   Preemption under Section 514(a) is commonly referred to as "conflict preemption." *See, e.g., Arana v. Ochsner Health Plan*, 338 F.3d 433, 439 (5th Cir. 2003); *Cardona v. Life Ins. Co. of N. Am.*, No. 3:09-CV-0833-D, 2009 U.S. Dist. LEXIS 93715, at *10-11 (N.D. Tex. Oct. 7, 2009). "Conflict preemption . . . arises when a federal law conflicts with state law, thus providing a federal defense to a state law claim, but does not completely preempt the filed of state law so as to transform a state law claim into a federal claim." *Arana*, 338 F.3d at 439.

plan.'" *Pilot Life Ins. Co.*, 481 U.S. at 47 (citations omitted); *see also Cefalu v. B. F. Goodrich Co.*, 871 F.2d. 1290, 1293 (5th Cir. 1989) ("The express preemptive language used by Congress in ERISA is broad in scope. . . . In addition, the courts have broadly construed the words 'relate to' in order to give proper effect to the preemption language of ERISA.").

To this end, the United States Supreme Court has emphasized that ERISA's preemption clause is not limited to state laws specifically designed to affect employee benefit plans. *Pilot Life Ins. Co.*, 481 U.S. at 47-48. ERISA also preempts state common law causes of action that "relate to" an ERISA plan. *Id.* at 48; *see also Hutchinson v. Reliastar Life Ins. Co.*, 3:06-CV-1122-B ECF, 2007 WL 2687810, at *7 (N.D. Tex. Sept. 12, 2007) (plaintiff's negligence claim preempted by ERISA).

The Fifth Circuit has routinely followed *Pilot Life* and held that ERISA preempts state common law claims where the claim "relates to" an ERISA plan. For example, in *Cefalu v. B.F. Goodrich*, the court dismissed an employee's state law claim against his employer where the employee alleged he was denied pension benefits as a result of his reliance on his employer's representations. *Cefalu*, 871 F.2d. at 1292. The court found that the employee's state claim "related to" an ERISA plan because "if he is successful in this suit his damages would consist of the pension benefits he would have received" absent his employer's representations. *Id.* at 1294. In support of its holding, the court observed, "[t]o compute those damages, the Court must refer to the pension plan under which [the employee] was covered when he worked for [the employer]. Thus, the precise damages and benefits which appellant seeks are created by the [employer's] employee benefit plan." *Id.*

Similarly, in *Lee v. E.I. DuPont de Nemours*, the court held that the employees' state fraud and negligent misrepresentation claims were preempted by ERISA where the employees

sought "to recover benefits defined by their former employer's ERISA plan, benefits to which they would have become entitled but for a misrepresentation by their employer, during their employment, on which they relied to their detriment." *Lee v. E.I. DuPont de Nemours & Co.*, 894 F.2d 755, 757 (5th Cir. 1990). The court reached this conclusion even though "ERISA itself provided no remedy for the alleged misrepresentations," such that the employer's purported misrepresentation constituted a "betrayal without remedy." *Id.*; *see also Degan v. Ford Motor Co.*, 869 F.2d 889, 893 (5th Cir. 1989).

A particularly analogous case is *Hanson v. Continental Ins. Co.*, 940 F.2d 971 (5th Cir. 1991). In *Hanson*, the plaintiff filed suit alleging state law claims following the denial of his claim for the full amount of benefits he believed he was due under a life insurance policy upon the death of his wife. *Id.* at 974. The court held that the plaintiff's state law claims were preempted by ERISA, stating that, "[i]n short, when beneficiaries seek to recover benefits from a plan covered by ERISA, their exclusive remedy is provided by ERISA." *Id.* at 979.

## C.   Plaintiffs' Sole Claim for Negligence is Preempted by ERISA.

In this case, the gravamen of Plaintiffs' complaint is that Antrim purchased supplemental life insurance and paid premiums for benefits totaling $150,000 to be paid to his heirs upon his death. However, upon Antrim's death, Antrim's heirs (e.g., Plaintiffs) received only $20,000 from the insurance company, not the $150,000 to which they believe they are entitled. See FAC, ¶¶ 10-13. Plaintiffs specifically seek to recover the additional $130,000 in proceeds that they contend they would have received but for Defendants' alleged negligence. See FAC, ¶ 13.

As an initial matter, Plaintiffs cannot dispute that their claim involves an ERISA plan. An ERISA plan is "any plan, fund, or program which . . . is . . . established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their

beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment. . . ." 29 U.S.C. 1002(1). Plaintiffs explicitly allege that their claim concerns an optional life insurance policy that Antrim purchased through his employer, Park View, prior to his death. *See* FAC ¶ 9. From Plaintiffs' allegations and the policy itself, it is beyond reasonable dispute that the policy was a plan or program "established or maintained by [Antrim's] employer . . . for the purpose of providing for participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of . . . death."

Having established that the policy constitutes an ERISA plan, the only remaining question to be resolved by the court is whether Plaintiffs' negligence claim duplicates an ERISA remedy, or "relates to" the plan in that it has "a connection with or reference to" the plan. Plaintiffs' claim does both.

First, under applicable authority, Plaintiffs' claim is completely preempted by Section 502. In *Aetna Health*, the Supreme Court explained that the plaintiffs' state law claim was completely preempted where the plaintiffs "complain[ed] only about denials of coverage promised under the terms of ERISA-regulated employee benefit plans." *Aetna Health, Inc.*, 542 U.S. at 211. Stated another way, because the plaintiffs brought suit "only to rectify a wrongful denial of benefits promised under ERISA-regulated plans, and do not attempt to remedy any violation of a legal duty independent of ERISA . . . [their] state causes of action fall 'within the scope of' ERISA § 502(a)(1)(B)." *Id.* at 214. Under analogous facts, this court (Fitzwater, J.), recently held that ERISA completely preempted a state law claim brought by beneficiaries seeking to recover life insurance proceeds under an employer-sponsored group insurance policy. *Cardona*, 2009 U.S. Dist. LEXIS 93715, at *22; *see also First Nat'l Ltd.. v. Reliance Standard*

*Life Ins.*, 4:10-CV-190-Y, 2010 U.S. Dist. 108971, at *9-11 (N.D. Tex. Oct. 12, 2010) (state claim to recover life insurance proceeds under ERISA plan completely preempted by ERISA); *Blake v. Metro. Life Ins. Co.*, No. 4:09-cv-373, 2010 U.S. Dist. LEXIS 66204, at *10 (E.D. Tex. July 2, 2010) (same). As in these cases, although couched as a state law negligence claim, Plaintiffs' claim is, in essence, a claim to recover $130,000 in life insurance proceeds they believe they were wrongfully denied under an ERISA plan. Accordingly, their claim is completely preempted by ERISA.

Plaintiffs' negligence claim is also preempted based on the doctrine of conflict preemption because it "relates to" an ERISA plan. Not only do Plaintiffs seek to recover benefits defined by their former employer's ERISA plan, the court will have to examine the plan to adjudicate the merit of Plaintiffs' claim. For instance, Plaintiffs assert that the insurance company denied their claim for supplemental life insurance benefits because it did not receive the appropriate underwriting documents from Antrim. *See* FAC, ¶ 11. Plaintiffs further assert that Defendants were negligent in failing to inform Antrim that additional underwriting documents were needed. *See* FAC, ¶ 14d. At a minimum, the court will be required to analyze the plan to determine the underwriting requirements of the plan, whether Antrim fulfilled the requirements of the plan, and who bore responsibility for ensuring those requirements were fulfilled.

In a similar case, *Mobil Oil*, the plaintiffs alleged that because of their former employer's alleged failure to disclose all options available under its retirement plan, they were denied benefits under the plan. The Fifth Circuit held that the plaintiffs' claims were preempted by ERISA because the court would have to examine the operation of the plan and the employer's communication to its employees about the terms of the plan in order to decide their case.

*Christopher v. Mobil Oil Corp.*, 950 F.2d at 1218. Likewise in this case, examination of the operation of the life insurance policy, and Park View's communications to Antrim about the life insurance policy, will be required to decide the case.

This court has likewise found preemption when (1) the state law claim addresses areas of exclusive federal concern, and (2) the claim directly affects the relationship between traditional ERISA entities-the employer, the plan and its fiduciaries, and the participants and beneficiaries." *McSperitt v. Hartford Life Ins. Co.*, 393 F. Supp. 2d 418, 426 (N.D. Tex. 2005); *Tyco Elec. Power Sys., Inc.*, 2006 WL 1722569, at *5. In *Tyco Electronics*, as in this case, the plaintiff asserted state law claims against his employer based on his failure to receive full benefits under an ERISA plan. *Tyco Elec. Power Sys., Inc.*, 2006 WL 1722569, at *1. The court (Fitzwater, J.) held that the plaintiff's state law claims were preempted because they addressed "his alleged right to receive a certain sum of benefits under the terms of an ERISA plan-an area of exclusive federal concern-and it directly affects the relationship among traditional ERISA entities- ...the employer, ...the Plan administrator, and [the plaintiff] as a Plan beneficiary. . . ." *Id.* at *6.

Likewise in this case, Plaintiffs seek to recover an additional $130,000 in benefits they believe they are due under the Company-sponsored life insurance plan—a clear matter of federal concern, and their claim affects the relationship between the employer (i.e., Park View), the plan administrator (i.e., Reliance Standard), and the plan beneficiaries (i.e., Plaintiffs). Plaintiffs' claims are therefore preempted under the standards applied in this district.

To the extent Plaintiffs attempt to avoid preemption by pointing out that they are not asserting a claim against the plan or its assets, but rather against Antrim's former employer, this precise argument has already been rejected by the Fifth Circuit. *See Lee*, 894 F.2d at 757 ("We rejected the contention that preemption was avoided because the former employee was not

seeking recovery from the plan itself or its assets, but only from his former employer.") (citing *Cefalu*, 871 F.2d at 1292-93). So long as Plaintiffs' claim "relates to" the ERISA plan, as it clearly does in this case, the claim is preempted by ERISA irrespective of against whom the claim is directed.

**IV.**
**CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that their Motion for Summary Judgment be GRANTED. Defendants also pray for such other and further relief to which it is entitled.

Respectfully submitted,

Bruce A. Griggs
State Bar #08487700
Courtney M. Smith
State Bar #24059340
Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
301 Congress Avenue, Suite 1150
Austin, Texas  78701
512.344.4700 (phone)
512.344.4701 (fax)

Attorneys for Defendants

---

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Motion for Judgment was sent via FedEx, on the 19th day of April, 2011, to the following:

Jamshyd (Jim) M. Zadeh
115 West 2nd Street, Suite 201
Fort Worth, Texas 76102
817.335.5100
817.355.3974 fax

Bruce Griggs

Bruce A. Griggs

9333098.2 (OGLETREE)