

ORIGINAL



U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2011 JUN -7 PM 2: 50

CLERK OF COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DENISE NAIL, WES NAIL, | § | |
| CHRIS ANTRIM, individually and as | § | |
| Representatives of the heirs and estate of | § | |
| Norman Jerome Antrim | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:10-cv-00644-A |
| | § | |
| PARK VIEW CARE CENTER, L.P. | § | |
| d/b/a PARK VIEW CARE CENTER; | § | |
| PARK VIEW CARE CENTER GP, LLC; | § | |
| PARK VIEW CARE CENTER | § | |
| HOLDING, LLC; and RELIANCE | § | |
| STANDARD LIFE INSURANCE | § | |
| COMPANY | § | |
|     Defendants. | § | |

**PARKVIEW DEFENDANTS' APPENDIX (WITH REDACTIONS) IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

All evidence relied upon in Defendants' Motion for Summary Judgment and Brief

in Support is included in this Appendix. For the Court's reference, Defendants provide

the following Table of Contents.

## TABLE OF CONTENTS

| Exhibit | Exhibit Description | Appendix pages |
|---|---|---|
| 1. | Declaration of Michael A. Smith | 1-3 |
| A. | Group Life Insurance Policy | 4-81 |
| B. | July 10, 2006 Reliance Standard Correspondence regarding Administrative Agreement | 82-83 |
| C. | Antrim's Group Enrollment Form | 84-85 |
| D. | Plaintiff's Proof of Loss Claim Statement Group Life/Accidental Death Insurance | 86-89 |
| E. | January 30, 2009  Reliance Standard Correspondence to Plaintiffs' Counsel | 90-94 |

Respectfully submitted,


_Bruce Griggs_ (signature)

Bruce A. Griggs
State Bar #08487700
Courtney M. Smith
State Bar #24059340
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
301 Congress Avenue, Suite 1150
Austin, Texas 78701
512.344.4700 (phone)
512.344.4701 (fax)

ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE


I hereby certify that a true and correct copy of the foregoing Defendants'
Appendix (with Redactions) in Support of Motion for Judgment was sent via FedEx, on
the 6th day of June, 2011, to the following:

Jamshyd (Jim) M. Zadeh
115 West 2nd Street, Suite 201
Fort Worth, Texas 76102
817.335.5100
817.355.3974 fax


_Bruce Griggs_ (signature)

Bruce A. Griggs

10396704.1 (OGLETREE)

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DENISE NAIL, WES NAIL, | § | |
| CHRIS ANTRIM, individually and as | § | |
| Representatives of the heirs and estate of | § | |
| Norman Jerome Antrim | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:10-cv-00644-A |
| | § | |
| PARK VIEW CARE CENTER, L.P. | § | |
| d/b/a PARK VIEW CARE CENTER; | § | |
| PARK VIEW CARE CENTER GP, LLC; | § | |
| PARK VIEW CARE CENTER | § | |
| HOLDING, LLC; and RELIANCE | § | |
| STANDARD LIFE INSURANCE | § | |
| COMPANY | § | |
| Defendants. | § | |

## DECLARATION OF MICHAEL A. SMITH

I, Michael A. Smith, state as follows:

1. My name is Michael A. Smith. I am over the age of 18, have never been convicted of a felony, and am otherwise competent to make this Declaration. The statements contained in this Declaration are within my personal knowledge, and they are all true and correct.

2. I am Vice President of Human Resource Services for Complete Healthcare Resources ("CHR"). At all times relevant to the events described in this lawsuit, CHR provided management consulting and human resource services to defendant Park View Care Center, L.P. d/b/a Park View Care Center ("Park View"). In my position as Vice President of Human Resource Services, I assisted with human resource functions for CHR and related entities, including Park View. I am familiar with benefits, including life insurance benefits,

Declaration of Michael A. Smith                                    Page 1

**1**

that were made available to Park View employees, including former employee Norman Antrim.

3. In my position, I also act as a custodian of records for records relating to benefits offered to Park View employees, including life insurance benefits.

4. I am also familiar with CHR's contractual relationships with benefit underwriters, including Reliance Standard Life Insurance Company ("Reliance Standard"), who was the underwriter for the life insurance policy that was offered to Park View employees during Norman Antrim's employment.

5. Attached as Exhibit A to Defendants' Appendix in Support of Motion for Summary Judgment ("Appendix") is a true and correct copy of the Group Life Insurance policy that was in effect during Mr. Antrim's employment and applicable to him (the "Policy"). The Policy was underwritten by Reliance Standard. Although the policyholder is listed as "Texas Facilities (Balch Springs Nursing Home, LLC)," Park View adopted the Policy as shown on "Appendix A" to Exhibit A. Although the "Effective Date" of the Policy is listed as September 1, 2004 through January 1, 2007, the Policy was renewed and was in effect at the time of Mr. Antrim's employment and at the time of his death.

6. Attached as Exhibit B to Defendants' Appendix is a true and correct copy of a letter dated July 10, 2006, produced by Reliance Standard in this litigation relating to the Policy.

7. Attached as Exhibit C to Defendants' Appendix is a true and correct copy of the Group Enrollment Form that Park View received from Norman Antrim dated December 28, 2005, electing benefits under the Policy.

8. Attached as Exhibit D to Defendants' Appendix is a true and correct copy of the Proof of Loss Claim Statement Group Life/Accidental Death Insurance form that was submitted by Denise Nail-Antrim, Chris Antrim, and Wesley Antrim to Reliance Standard claiming

---

benefits under the Policy following the death of Norman Antrim.  As reflected in the form, the Antrims submitted claims for $260,000 total in life insurance benefits under the Policy ($110,000 in basic life insurance benefits and $150,000 in supplemental life insurance benefits).

9. Attached as Exhibit E to Defendants' Appendix is a true and correct copy of a letter CHR was copied on, which was sent by Reliance Standard to Jamshyd (Jim) M. Zadeh, attorney for the Antrims, dated January 30, 2009.

I declare under penalty of perjury under the laws of the State of Texas and the United States that the foregoing is true and correct.

Executed on this 16ᵗʰ day of February, 2011, at _____Dresher_____, Pennsylvania.

_____
Michael A. Smith

# EXHIBIT A

## GROUP LIFE AND ACCIDENTAL DEATH AND DISMEMBERMENT INSURANCE PROGRAM

### Texas Facilities (Balch Springs Nursing Home, LCC)

**4**

# GROUP LIFE INSURANCE

**6**

**7**

## CERTIFICATE OF INSURANCE

We certify that you (provided you belong to a class described on the Schedule of Benefits and your completed enrollment card is attached) are insured, for the benefits which apply to your class, under Group Policy No. GL 137658 issued to Texas Facilities (Balch Springs Nursing Home, LCC), the Policyholder.

When loss of life covered under the Policy occurs, we will pay the amount stated on the Schedule of Benefits to the named beneficiary, subject to provisions entitled Beneficiary and Facility of Payment.

This Certificate is not a contract of insurance.  It contains only the major terms of insurance coverage and payment of benefits under the Policy. It replaces all certificates that may have been issued to you earlier.

*Charles Denaro*
Secretary

*Lawrence E Dennell*
President

## GROUP LIFE INSURANCE CERTIFICATE

This Group Life Certificate amends all previous Group Life Certificates
and is dated March 21, 2007.

LRS-6423 Ed. 11/84

**8**

**TABLE OF CONTENTS**

**Page**

SCHEDULE OF BENEFITS ............................................................. 1.0

DEFINITIONS ............................................................................ 2.0

GENERAL PROVISIONS .............................................................. 3.0

EFFECTIVE DATE AND TERMINATION .......................................... 4.0

CONVERSION PRIVILEGE ........................................................... 5.0

BENEFICIARY AND FACILITY OF PAYMENT ................................... 6.0

SETTLEMENT OPTIONS .............................................................. 7.0

WAIVER OF PREMIUM IN EVENT OF TOTAL DISABILITY ............. 8.0

CLAIMS PROVISIONS ................................................................. 9.0

DEPENDENT LIFE INSURANCE .................................................... 10.0

FAMILY AND MEDICAL LEAVE OF ABSENCE EXTENSION ......... 11.0

MILITARY SERVICES LEAVE OF ABSENCE COVERAGE ............. 11.2

GROUP TERM LIFE INSURANCE IMMINENT DEATH
BENEFIT RIDER ......................................................................... 12.0

**9**

**SCHEDULE OF BENEFITS**

**EFFECTIVE DATE:**  September 1, 2004, as amended in the Policy through January 1, 2007

**ELIGIBLE CLASSES:**  Each active, Full-time F1 employee, except any person employed on a temporary or seasonal basis.

**INDIVIDUAL EFFECTIVE DATE:**   The first of the Policy month coinciding with or next following the day you become eligible.

**INDIVIDUAL REINSTATEMENT:** 6 months

**AMOUNT OF INSURANCE:**

**Basic Life:**  Two (2) times Earnings, rounded to the next higher $1,000, subject to a maximum of $500,000.

**Supplemental Life** (Applicable only to you if you elected Supplemental coverage and are paying the applicable premium):  $10,000 to $500,000, in increments of $10,000, not to exceed five (5) times Earnings.

Amounts of supplemental insurance over the lesser of three (3) times Earnings or $150,000 are subject to our approval of your proof of good health.   However, any proof of good health required due to late application for this insurance (See EFFECTIVE DATE OF INSURANCE) will be at no expense to us.

The Amount of Basic Life and Supplemental Life insurance will be: (1) reduced to 67% of the pre-age 65 amount at age 65; (2) further reduced to 45% of the pre-age 65 amount at age 70; (3) further reduced to 30% of the pre-age 65 amount at age 75; (4) further reduced to 20% of the pre-age 65 amount at age 80; (5) further reduced to 15% of the pre-age 65 amount at age 85; and (6) further reduced to 10% of the pre-age 65 amount at age 90 and terminates at retirement.

DEPENDENT LIFE:  Spouse Amount: $10,000   to    $250,000   in increments of $10,000
Child Amount:
14 days to 6 months: $1,000
6 months and over:   Choice  of:  $5,000  or $10,000

The Spouse amount of insurance may not exceed 100% of your amount.

LRS-6441-1 Ed. 9/89          Page 1.0

**10**

Amounts of insurance for spouses over $30,000 are subject to our approval of your spouse's proof of good health. However, any proof of good health required due to late application for this insurance (See EFFECTIVE DATE OF DEPENDENT INSURANCE) will be at no expense to us.

The Spouse amount of insurance will reduce in the same manner as your amount of insurance upon your spouse's attainment of reducing ages and terminates at your retirement.

The Life amount will be reduced by any benefit paid under the Imminent Death Benefit Rider.

**CHANGES IN AMOUNT OF INSURANCE:**  Changes in the Amount of Insurance because of changes in age, class or earnings (if applicable) are effective on the first of the Policy month coinciding with or next following the date of the change, provided you are Actively At Work on the date of the change.  If you are not Actively At Work when the change should take effect, the change will take effect on the day after you have been Actively At Work for one full day.  However, if you have the right to choose your amount of Supplemental insurance, proof of good health will be required when you change your selection to increase the amount of your Supplemental insurance.  Such proof must be approved by us for the increase to take effect.

If an increase in, or initial application for, the Amount of Insurance is due to a life event change (such as marriage, birth or specific changes in employment status), proof of good health will not be required provided you apply within thirty-one (31) days of such life event.

**CONTRIBUTIONS:**  You are not required to contribute toward the cost of the Basic Insurance.  You are required to contribute toward the cost of the Supplemental Insurance.  It is applicable to you only if you elected Supplemental coverage and are paying the applicable premium.  You are required to contribute toward the cost of Dependent Life Insurance.

LRS-6441-1 Ed. 9/89          Page 1.1

## DEFINITIONS

"We," "us" and "our" means Reliance Standard Life Insurance Company.

"You," "your" and "yours" means a person who meets the eligibility requirements of the Policy and is enrolled for this insurance.

"Actively at work" and "active work" means actually performing on a Full-time basis each and every duty pertaining to your job in the place where and the manner in which the job is normally performed.  This includes approved time off such as vacation, jury duty and funeral leave, but does not include time off as a result of injury or illness.

"Full-time" means working for the Policyholder for a minimum of 30 hours during your regularly scheduled work week.

"The date you retire" or "retirement" means the effective date of your:

    (1) retirement pension benefits under any plan of a federal, state, county or municipal retirement system, if such pension benefits include any credit for employment with the Policyholder;
    (2) retirement pension benefits under any plan which the Policyholder sponsors, or makes or has made contributions;
    (3) retirement benefits under the United States Social Security Act of 1935, as amended, or under any similar plan or act.

"Earnings", as used in the SCHEDULE OF BENEFITS section, means your annual salary received from the Policyholder on the first of the Policy month just before the date of loss, prior to any deductions to a 401(k) or Section 125 plan.  Earnings do not include commissions, overtime pay, bonuses or any other special compensation not received as basic salary.

If hourly employees are insured, the number of hours worked during a regularly scheduled work week, not to exceed forty (40) hours per week, times fifty-two (52) weeks, will be used to determine annual earnings.

"Total Disability" as used in the WAIVER OF PREMIUM IN EVENT OF TOTAL DISABILITY section, means your complete inability to engage in any type of work for wage or profit for which you are suited by education, training or experience.

LRS-6441-331 Ed. 06/01    Page 2.0

**12**

"Dependents" as used in the DEPENDENT LIFE INSURANCE section, means:

(1)  your legal spouse who is not legally separated or divorced from you; and

(2)  your unmarried child(ren), age 14 days to 20 years, who is financially dependent upon you for support.  Adoptive, foster and step-children are considered Dependents if they are in your custody; and

(3)  your unmarried child(ren), attending a college or other school on a full-time basis, who is financially dependent upon you for support, up to age 26.

LRS-6441-331 Ed. 06/01        Page 2.1

**13**

## GENERAL PROVISIONS

### INCONTESTABILITY

Any statements made by you or any Insured Dependent, or on your behalf or any Insured Dependent's behalf to persuade us to provide coverage, will be deemed a representation, not a warranty.   This provision limits our use of these statements in contesting the amount of insurance for which you are or any Insured Dependent is covered.   The following rules apply to each statement:

   (1)   No statement will be used in a contest unless:

      (a)   it is in a written form signed by you or any Insured Dependent, or on your behalf or any Insured Dependent's behalf; and

      (b)   a copy of such written instrument is or has been furnished to you or any Insured Dependent, your or any Insured Dependent's beneficiary or legal representative.

   (2)   If the statement relates to your or any Insured Dependent's insurability, it will not be used to contest the validity of insurance which has been in force, before the contest, for at least two (2) years during your or an Insured Dependent's lifetime.

### ASSIGNMENT

Ownership of any benefit provided under the Policy may be transferred by assignment.   An irrevocable beneficiary must give written consent to assign this insurance.   Written request for assignment must be made in duplicate at our Administrative Offices.   Once recorded by us, an assignment will take effect on the date it was signed.   We are not liable for any action we take before the assignment is recorded.

LRS-6441-3 Ed. 12/93          Page 3.0

## EFFECTIVE DATE AND TERMINATION

**EFFECTIVE DATE OF INSURANCE:** If the Policyholder pays the entire premium, your insurance will go into effect on the date stated on the Schedule of Benefits. If you pay a part of the premium, you must apply in writing for the insurance to go into effect. You will become insured on the date stated on the Schedule of Benefits, except that the insurance will go into effect:

(1) on the date you apply, if you apply within thirty-one (31) days of the date you are first eligible; or

(2) on the date we approve any required proof of good health. We require proof of good health if you apply:

(a) after thirty-one (31) days from the date you first become eligible; or

(b) after you terminated this insurance but remained in a class eligible for this insurance.

Changes in your amount of insurance are effective as shown on the Schedule of Benefits.

If you are not actively at work on the day your insurance is to go into effect, the insurance will go into effect on the day you return to active work for one full day.

**TERMINATION OF INSURANCE:** Your insurance will terminate on the first of the Policy month coinciding with or next following:

(1) the date the Policy terminates; or

(2) the date you cease to be in a class eligible for this insurance; or

(3) the end of the period for which premium has been paid for you; or

(4) the date you enter military service (not including Reserve or National Guard).

**CONTINUATION OF INSURANCE:** Your insurance may be continued by payment of premium beyond the date you cease to be eligible for this insurance, but not longer than:

LRS-6441-4 Ed. 10/93          Page 4.0

**15**

    (1)  twelve (12) months, if due to illness or injury; or

    (2)  one (1) month, if due to temporary lay-off or approved leave of absence.

**REINSTATEMENT:**    Your insurance may be reinstated if it was terminated while you were:

    (1)  on an approved leave of absence, or

    (2)  on a temporary lay-off.

You must return to active work within the period of time shown on the Schedule of Benefits.  You must also be a member of a class eligible for this insurance.

You will not be required to fulfill the eligibility requirements of the Policy again.  The insurance will go into effect on the day you return to active work.  If you return after having resigned or having been discharged, you will be required to fulfill the eligibility requirements of the Policy again.

If you return after terminating at your own request or for failure to pay premium when due, proof of good health must be approved by us before you may be reinstated.

LRS-6441-4 Ed. 10/93          Page 4.1

## CONVERSION PRIVILEGE

You can use this privilege when your insurance is no longer in force. It has several parts. They are:

A. If the insurance ceases due to termination of employment or membership in any of the Policy's classes, an individual Life Insurance Policy may be issued. You are entitled to a policy without disability or supplemental benefits. You must make written application for the policy within thirty-one (31) days after you terminate. The first premium must also be paid within that time. The issuance of the policy is subject to the following conditions:

   (1) The policy will, at your option, be on any one of our forms, except for term life insurance. It will be the standard type issued by us for the age and amount applied for;

   (2) The policy issued will be for an amount not over what you had before you terminated. If the insurance ceases due to termination of membership in the eligible classes but you continue employment in another class, the amount will not be over what you had before you terminated less the amount of any group life insurance you become eligible for within thirty-one (31) days after such termination. Any endowment payable to you before the termination date will not be included in such amount;

   (3) The premium due for the policy will be at our usual rate. This rate will be based on the amount of insurance, class of risk and your age at date of policy issue; and

   (4) Proof of good health is not required.

B. If the insurance ceases due to the termination or amendment of the Policy, an individual Life Insurance Policy can be issued. You must have been insured for at least five (5) years under the Policy. The same rules as in A above will be used, except that the face amount will be the lesser of:

   (1) The amount of your Group Life benefit under the Policy. This amount will be less any amount you are entitled to under any group life policy issued by us or another insurance company; or

   (2) $5,000.

LRS-6441-60 Ed. 9/89          Page 5.0

**17**

C.  If the insurance reduces, as may be provided in the Policy, an individual Life Insurance Policy can be issued.  The same rules as in A above will be used, except that the face amount will not be greater than the amount which ceased due to the reduction.

D.  If you die during the time in which you are entitled to apply for an individual policy, we will pay the benefit under the Group Policy that you were entitled to convert.  This will be done whether or not you applied for the individual policy.

E.  Any policy issued with respect to A, B or C above will be put in force at the end of the thirty-one (31) day period in which application must be made.

F.  You are entitled to have an individual policy issued to you without proof of health, then you must be given notice of this right at least fifteen (15) days before the end of the period specified above.  Such notice must be:  (1) in writing; and (2) presented or mailed to you by the Policyholder.  If not, you will have an additional period in order to do so.  This additional period will end fifteen (15) days after you are given notice.  This period will not extend beyond sixty (60) days after the expiration date of the period provided above.  This insurance will not be continued beyond the period provided above.

LRS-6441-60 Ed. 9/89        Page 5.1

**18**